## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                              CRIMINAL ACTION NO.   3:18-00249-02

RAFAEL STARKS

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Rafael Starks' Motion to Dismiss Indictment for Violation of Interstate Agreement on Detainers Act (IAD), 18 U.S.C. App. 2. ECF No. 87. The United States opposes the motion. The Court held a hearing on the motion on April 6, 2021. At the conclusion of the hearing, the Court **DENIED** the motion for the following reasons.

The IAD was enacted to facilitate "expeditious and orderly disposition" of unresolved criminal charges pending in member jurisdictions and to minimize interruption of any rehabilitative programing at the correctional facility where the inmate is housed. 18 U.S.C. App. 2, §2, Art. I; *United States v. Mauro*, 436 U.S. 340, 351 (1978). The IAD provides that an incarcerated prisoner, against whom a detainer has been lodged in another jurisdiction (the "sending state"), has the right to be brought to trial within 180 days. 18 U.S.C. App. 2, §2, Art. II, III(a).[1] If a trial is not held within 180 days of the prisoner's demand, the court in the "receiving

_____

[1] In relevant part, Article III(a) provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment . . . on the basis of which a detainer has been lodged against the prisoner, he shall be

state" must dismiss the indictment with prejudice. *Id*. at Art. IV(e).[2] The United States is treated as another "state" for purposes of the IAD. 18 U.S.C. App. 2, § 2, Art. II(a).

In this case, Defendant was indicted in this District for aiding and abetting the distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. A warrant was issued for Defendant's arrest and, apparently, unbeknownst to the United States Attorney for this District, the United States Marshal for the Eastern District of Kentucky filed a detainer, Form USM-17, against Defendant on January 31, 2020. Prior to issuance of the detainer, Defendant was sentenced in Kentucky state court to a term of 8 years imprisonment and was serving his sentence at the Roederer Correctional Complex (RCC) in LaGrange, Kentucky.[3]  While at RCC, Defendant was presented with the detainer, which expressly provided that there was a warrant for his arrest pending in the Southern District of West Virginia. *Detainer*, ECF No. 87-1. It also contains the following language:

> Because the 180-day time limit may be tolled by virtue of delays attributable to you, you should periodically inquire as to whether your written notice of request for a final disposition of the charges against you has been received by

---

> brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint[.]

*Id*.

[2]Article IV(e) states, in part: "If trial is not had on any indictment . . . contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment . . . shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." *Id*.

[3]Defendant testified that he reported to this facility on February 3, 2020.

> the appropriate U.S. Attorney and the appropriate U.S.
> District Court. You are hereby advised that the 180-day
> time limit does not commence until your written notice of request
> for final disposition of the charges against you has actually
> been delivered to the appropriate U.S. Attorney and the
> appropriate U.S. District Court.

*Id.* On or about March 17, 2020, Defendant signed a request for a speedy trial under the IAD. However, the warden of RCC sent Defendant's request to the United States Attorney's Office and the District Court for the Eastern District of Kentucky. Unfortunately, neither the Kentucky United States Attorney's Office, nor the District Court, alerted anyone that the request was misdirected to their offices. Thereafter, Defendant did not receive any response to his demand for nearly five months. Finally, on September 6, 2020, Defendant personally mailed a motion to dismiss the instant indictment for speedy trial and IAD violations to the Kentucky's District Court. It was not until October 16, 2020, that Kentucky's District Court replied and returned his original motion to him, advising him to file with the Southern District of West Virginia.

In the meantime, the United States Attorney for this District learned that Defendant was incarcerated at RCC on October 6, 2020, and lodged a detainer against him the next day. On October 13, 2020, the United States Attorney received the USM-17 signed by Defendant on March 18, 2020. It was the first time this District's United States Attorney knew about Defendant's request. Thereafter, on November 16, 2020, Defendant appeared in this District for his initial appearance, arraignment, and detention hearing. Defendant now moves to dismiss the indictment for violating his speedy trial rights and the IAD.

At the hearing on Defendant's motion, the Assistant United States Attorney agreed there were missteps by RCC and the Eastern District of Kentucky's United States Attorney's

Office and the District Court, and she recognized Defendant's request was negligently handled. Nevertheless, the United States Attorney argues that it was Defendant's responsibility to ensure his request was received by the appropriate entitites and that the detainer expressly notified him of his responsibility. It simply is not enough that his request was received by "a" United States Attorney's Office and "a" district court. Upon review, the Court agrees.

In *Fex v. Michigan*, 507 U.S. 43 (1993), a defendant claimed the 180-day speedy trial period began to run as soon as he gave his request to prison authorities to mail. However, the United States Supreme Court disagreed and found the request had to be "delivered to the court and prosecuting office of the jurisdiction that lodged the detainer against him" to begin the 180-day clock. 507 U.S. at 52. In doing so, the Supreme Court recognized that, to hold otherwise, it could create a situation in which a warden negligently failed to deliver a request within the 180 days and the indictment would have to be dismissed before the prosecutor even knew of the request. *Id*. at 50. The Supreme Court found this situation unacceptable and held "[i]t is more reasonable to think that the receiving State's prosecutors are in no risk of losing their case until they have been *informed* of the request for trial." *Id*. (italics original).

Although Defendant attempts to distinguish *Fex* and argues it was unnecessary for his request to be delivered to a specific United States' prosecutor and district court, the Fourth Circuit rejected a similar argument in *Saxby v. FBI*, 3 Fed. Appx. 60 (4th Cir. 2001) (per curiam), in which it held a defendant failed to comply with the IAD when notice was delivered "to the United States District Court and the federal prosecutor in South Carolina regarding a detainer lodged by a federal prosecutor in Georgia." 3 Fed. Appx. at 61 (citing *Fex*, 507 U.S. at 52). The

-4-

Fourth Circuit held that the defendant "did not trigger the 180-day time limit because he has not shown that he requested final disposition from the federal prosecutor in Georgia, where the detainer was issued." *Id*. at 62; *see also United States v. Thomas*, 342 Fed. Appx. 891, 892-93 (4th Cir. 2009) (per curiam) (citing *Fex* and denying a defendant's motion to dismiss an indictment for violating the 180-day clock where the defendant failed to select on the federal detainer form whether he was demanding a speedy trial and "the form was mailed only to the U.S. Marshal's Office").

Accordingly, as Defendant in this case has failed to show compliance with the IAD and neither the United States Attorney's Office for this District nor this Court was informed of his request until October of 2020, the Court **DENIES** Defendant's Motion to Dismiss Indictment for Violation of Interstate Agreement on Detainers Act. ECF No. 87.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        April 9, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE